UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:_____

---------------------------------------------------------------- /
SWIM STRONG FOUNDATION, INC          :
                                     :
                 Plaintiff,          :
                                     :
        -against-                    :
                                     :
DENI GILLESPIE d/b/a SWIM STRONG     :
AQUATICS CLUB                        :
                                     :
                 Defendant.          :
---------------------------------------------------------------- /

**COMPLAINT**

Plaintiff Swim Strong Foundation. Inc. ("Swim Strong Foundation" and "Plaintiff") by its attorneys, EDAM LAW, PLC, and Pryor Cashman, LLP, as and for its Complaint against defendant Deni Gillespie d/b/a Swim Strong Aquatic Club (hereafter collectively often referred to as "Gillespie" or "Swim Strong Aquatic Club") allege as follows:

**Nature of the Case**

1. This is an action for trademark infringement based on Swim Strong Aquatic Club's blatant unauthorized and continued use of Swim Strong Foundation's valuable trademarks in conjunction with operating Swim Strong Club's swimming team and school. Swim Strong Foundation has already requested and indeed, Gillespie initially agreed to a name change but then changed to another trademark still likely to cause confusion with Swim Strong Foundation's trademarks.

2. Despite Gillespie's promise to rename her club, Swim Strong Club has refused to cease their use of a trademark likely to cause confusion with Swim Strong Foundation's valuable

Marks, causing Swim Strong Foundation further irreparable harm.  As a result, Swim Strong Foundation has been forced to bring the instant action for trademark infringement and related claims, to compel Gillespie and her Swim Strong club to cease use, exploitation, and improper use of Swim Strong Foundation's valuable trademarks.

## Parties

3. Swim Strong Foundation, Inc.  is a New York Corporation, with its principal place of business at 3017 89th Street, East Elmhurst, NY 11369.  Swim Strong Foundation, Inc. is a 501(c)(3) charitable entity. Swim Strong Foundation is engaged in the business of providing community-based swim and instructional programs for adults and children, all under the intellectual property associated with the SWIM STRONG brand.

4. Upon information and belief, Gillespie d/b/a Swim Strong Aquatic Club is an individual with a residence in Jensen Beach, Florida. Gillespie currently operates a swim team and provides swimming instruction under the trademark Swim Strong Aquatic Club. The Swim Strong Aquatic Club is an unincorporated Florida entity, which maintains its principal place of business at 400 SW Ravenswood Lane, Port Saint Lucie, Florida 34983.

## Jurisdiction and Venue

5. This is an action for trademark infringement arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Gillespie because she: (i) resides in the State of Florida and (ii) does and solicits business (directly and through agents) in the State of Florida.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Gillespie and the Swim Strong Aquatic Club reside in this judicial district pursuant to 28 U.S.C. §1391(c)(2) and because the events giving rise to Swim Strong Foundation's claims occurred in this judicial district.

**Factual Background**

8. The Plaintiff, Swim Strong Foundation, Inc., is the owner of U.S. Trademark Registration No. 4493215 for the mark SWIM STRONG for services related to "Swimming instruction" and for U.S. Trademark Registration No. 4593188, also for the mark SWIM STRONG, for the goods "Beach cover-ups; pants; shorts; sweat pants; sweat shirts; T-shirts" (collectively the marks are referred to herein as the "SWIM STRONG Marks" or the "Marks"). Copies of the Registrations are attached hereto as Exhibits 1 and 2. The SWIM STRONG Marks are registered and were duly and legally issued on March 11, 2014 and September 6, 2011, respectively. As the owner of all right, title and interest in the SWIM STRONG Marks and the associated goodwill, Swim Strong Foundation, Inc. has standing to sue for infringement of the trademarks and may seek monetary damages, an injunction and other relief for past, current, and future infringement of the Marks.

9. Swim Strong Foundation prominently uses and displays its SWIM STRONG trademarks on the home page of the Swim Strong Foundation website. A copy of the Swim Strong Foundation home page is attached as Exhibit 3.

10. Swim Strong Foundation uses its SWIM STRONG Mark in connection with a wide variety of goods, sold to the public, all to generate revenue for its charitable business. An example of the goods sold by Swim Strong Foundation, Inc. with its Marks thereon is shown in Exhibit 3.

11. Defendant, Gillespie d/b/a Swim Strong Club uses the SWIM STRONG mark in connection with her and its promotion of swim instruction. A copy of the Facebook® page associated with Defendant and advertising for her services under the name SWIM STRONG WITH COACH GILLESPIE is attached. Evidence of Defendant Gillespie's promoting of such services is attached as Exhibit 4.

12. Some time ago, Swim Strong Foundation, Inc., through its Executive Director and its trademark counsel, first contacted Defendant Gillespie to advise her that her promoting of Swim Strong Club was an unauthorized use of the Marks. Swim Strong Foundation requested that Gillespie d/b/a Swim Strong Club change the name of her club to avoid infringement of Swim Strong Foundation's Marks and requested that Swim Strong Club cease using the two words SWIM and STRONG, or derivatives thereof, for its conduct, marketing, and advertising of a swimming club and providing related instruction. Gillespie d/b/a Swim Strong Club seemingly initially complied for a short period of time.

13. On February 9, 2015 Swim Strong Foundation by its trademark attorney mailed a Notice Letter to Coach Gillespie d/b/a Swim Strong Club regarding the newly found, unauthorized and infringing use of the term SWIM STRONG.

14. In or around June of 2015, Gillespie d/b/a Swim Strong Club, as she had orally promised, again changed the name of the club. However, rather than adopt a completely distinctive and non-infringing name, she and it adopted and used: SWIM STRONG WITH COACH GILLESPIE as a trademark.

15. On June 24, 2015, Swim Strong Foundation by and through its trademark attorney, emailed Gillespie d/b/a Swim Strong Club, again requesting that she change the name

of the organization to avoid using the terms SWIM and STRONG or derivatives thereof in connection with her and its services, all to avoid likelihood of consumer confusion.

16. On June 26, 2015, Swim Strong Foundation by and through its attorney spoke to Gillespie by phone (in response to her voicemail), again requesting that she change her name of her business operating as Swim Strong Club. She was again asked to avoid using the terms SWIM and STRONG, or derivatives thereof, together. Gillespie verbally agreed that she would change the name of the organization to a non-infringing trademark or tradename.

17. On July 13, 2015, Swim Strong Foundation by and through its attorney, emailed Gillespie, again requesting that the Swim Strong Club mark be changed to avoid using the terms SWIM and STRONG, or derivatives thereof, together. Ms. Gillespie responded by verbally agreeing that she would change the name of the organization by the end of her summer season and in no event later than August 15, 2015.

18. On September 21, 2015 Gillespie had been found to still infringe the Marks by her continued use of SWIM STRONG on Swim Strong Club's Facebook page, available at https://www.facebook.com/Swim-Strong-with-Coach-Gillespie-285318604969345/timeline/. A copy is attached as Exhibit 4. On the Facebook page, she advertised Swim Strong Club's services under the name "SWIM STRONG WITH COACH GILLESPIE" and therefore again used a mark likely to cause confusion with Swim Strong Foundation's Marks. Despite Ms. Gillespie's agreement that the infringing mark would be removed by August 15, 2015, she continues to infringe on the rights and the Marks of Swim Strong Foundation.

19. A Google® search for Swim Strong with Coach Gillespie returns a Macaroni Kid® publication as the third result. Macaroni Kid is a publication with branches in New York

City and therefore likely to cause consumers confusion as to the source of either Plaintiff's or Defendant's services despite differences in geographical location.

20. Despite due demand therefor and despite Plaintiff's extreme patience and seeking to avoid litigation and even in view of Gillespie's repeated assurances that cooperation would be forthcoming, she has not provided satisfactory, complete responses to Swim Strong Foundation's request that she change the name of her Swim Strong club as her operating name of an organization. She continues to use an infringing mark.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement Under 15 U.S.C. §1114)**

21. Swim Strong Foundation repeats and realleges the allegations of paragraphs 1 through 20 of this complaint as if fully set forth herein.

22. Swim Strong Foundation is the exclusive owner and user of the valid and subsisting federally registered trademarks identified in the SWIM STRONG Marks and the good will attendant therewith.

23. Gillespie's and Swim Strong Club's use of the mark SWIM STRONG in connection with the promotion, advertisement, distribution, and sales of her and/or its services is likely to cause confusion, mistake and/or to deceive the public in violation of 15 U.S.C. § 1114.

24. By reason of all the foregoing, Swim Strong Foundation is being irreparably damaged by Gillespie and Swim Strong Club's willful, unauthorized use of the SWIM STRONG Marks in the manner set forth above and this damage will continue unless Gillespie and the Swim Strong Club is enjoined from using the Marks or any colorable imitation thereof.

25. Swim Strong Foundation is entitled to injunctive relief under 15 U.S.C. §1116 (a) as there is no adequate remedy at law to fully redress Gillespie's d/b/a Swim Strong Club's improper conduct.

26. In addition to injunctive relief, Swim Strong Foundation is entitled to all monetary damages it has sustained in an amount to be determined at trial including but not limited to three times Gillespie's profits and gains as a result of her continued and bad faith trademark infringement described above, and attorneys' fees and costs of this action pursuant to 15 U.S.C. § 1117.

**SECOND CLAIM FOR RELIEF**
**(Unfair Competition Under 15 U.S.C. §1125(a))**

27. Swim Strong Foundation repeats and realleges the allegations of paragraphs 1 through 26 of this complaint as if fully set forth herein.

28. Swim Strong Club's conduct as alleged herein is likely to cause confusion or to deceive consumers as to the origin, sponsorship, affiliation, connection and/or association of services and goods emanating from Swim Strong Foundation as if the same originate with Gillespie d/b/a Swim Strong Club.

29. The foregoing acts of Gillespie d/b/a Swim Strong Club constitute unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a).

30. By reason of all the foregoing, Swim Strong Foundation is being irreparably damaged by Gillespie's and Swim Strong Club's unfair competition and will continue to be damaged unless Gillespie d/b/a Swim Strong Club is enjoined from using the SWIM STRONG Marks or any colorable imitation thereof.

31. Swim Strong Foundation is entitled to injunctive relief under 15 U.S.C. §1116 (a) as there is no adequate remedy at law to fully redress Gillespie d/b/a Swim Strong Club's improper and infringing conduct.

32. In addition to injunctive relief, Swim Strong Foundation is entitled to all damages it has sustained in an amount to be determined at trial including but not limited to three times Gillespie's d/b/a Swim Strong Club's profits and gains as a result of trademark violations described above, attorneys' fees and costs of this action pursuant to 15 U.S.C. § 1117.

WHEREFORE, Swim Strong Foundation prays for judgment against Gillespie and her business known as Swim Strong Club as follows:

**On the First Claim for Relief:**

(A)    a preliminary and permanent injunction prohibiting and enjoining Gillespie and Swim Strong Club, as well as any entity with which she or it is associated, its officers, directors, agents, servants, employees, subsidiaries, affiliates, assigns and licensees, from further displaying, promoting, using for services or goods, on Facebook, on business cards, swimsuits, T-shirts, jackets, towels, or otherwise associating with the SWIM STRONG Marks;

(B)    awarding compensatory damages in an amount to be proven at trial, three times any profits of Gillespie in connection with her Swim Strong Club and any other applicable statutory damages;

(C)    the costs and disbursements of this action;

(D)    an award of reasonable attorneys' fees; and

(E)    such other and further relief as the Court deems just and proper.

**On the Second Claim for Relief:**

(A) a preliminary and permanent injunction prohibiting and enjoining Gillespie d/b/a Swim Strong Club, as well as any entity with which she or it is associated, its officers, directors, agents, servants, employees, subsidiaries, affiliates, assigns and licensees, from further displaying, promoting services and/or using on goods, on Facebook, on business cards, swimsuits, T-shirts, jackets, towels, or otherwise associating with the SWIM STRONG Marks;

(B) awarding compensatory damages in an amount to be proven at trial, three times any profits of Gillespie in connection with her Swim Strong Club and any other applicable statutory damages;

(C) the costs and disbursements of this action;

(D) an award of reasonable attorneys' fees; and

(E) such other and further relief as the Court deems just and proper.

Respectfully submitted, on November 12, 2015 by:

EDAM LAW PLLC
*Attorneys for Plaintiff*
Latitude One Office Tower
175 SW 7th Street, Penthouse Suite 2410
Miami, FL 33130
Phone:  305-384-7370
Fax: 305-384-7371

By: */s/ Edmar M. Amaya*
Edmar Amaya, LL.M., Esq.
Florida Bar No.: 63816
edmar.amaya@edamlaw.com